# EXHIBIT "4"

**CASH FLOW ADDENDUM TO
ACCOUNT SALE AND PURCHASE AGREEMENT**

This Cash Flow Addendum to Account Sale and Purchase Agreement (this "Cash Flow Addendum"), is dated as of September 30th, 2021 (the "Effective Date") by and between **Sallyport Commercial Finance, LLC** ("Sallyport"), a Delaware limited liability company with its principal place of business located at 14100 Southwest Freeway, Suite 210, Sugar Land, Texas 77478 and **Retrolock Corporation**, located at 210 W Taft Avenue, Orange, CA 92865 herein "Seller". Capitalized terms used herein and not otherwise defined herein shall have the meaning ascribed to such term in the Account Sale and Purchase Agreement ("ASPA") of even date herewith entered into between Sallyport and Seller.

This Cash Flow Addendum is entered into between Seller and Sallyport in light of the following facts:

1. Definitions. In addition to the definitions contained in the Agreement and elsewhere in this Cash Flow Addendum, the following terms are specifically defined for use herein:

    1.1 "**Event of Default**" shall have the meaning set forth in Section 7.1 of the ASPA.

2. Cash Flow Loan. Upon the request of Seller, and so long as there is availability under the terms of the Agreement and no Event of Default has occurred and is continuing, Sallyport may, but is not required to, make a term loan to Seller in the amount of not to exceed Five Hundred Thousand dollars and Zero cents ($500,000.00) on a reducing basis, in its sole discretion. The amount available for advance hereunder, if not advanced, shall be reduced by the amount of $41,666.67 each month. The aggregate amount that can be borrowed Once the amount available in any month has not been advanced in full: the Cash Flow Loan.

3. Interest on the Cash Flow Loan. The Cash Flow Loan shall bear interest at the Base Rate plus Sixteen percent (16.0%) per annum on the principal balance outstanding. Upon the occurrence of an Event of Default, the Cash Flow Loan shall be subject to the Default Interest Rate pursuant to the Agreement.

4. Cash Flow Loan and Interest included in Obligations. The Cash Flow Loan, as well as all of the interest accrued thereon, shall be deemed included in the "Obligations" and shall be secured by the Collateral pursuant to the terms of the Agreement; provided, that the proceeds of the Collateral shall be applied to all Obligations other than the Term Loan first before being applied to the Term Loan.

5. Payment Terms. The Cash Flow Loan shall be subject to the repayment terms contained in this Section.

    5.1 Seller shall repay the Cash Flow Loan, and the interest thereon, as follows:
    A. Absent an Event of Default, on or before the end of the Original Term, Seller, shall pay to Sallyport amounts equal to principal as if amortized on a declining basis such that principal will be repaid in equal amounts each month until paid in full plus all interest accrued on the outstanding principal balance of the Cash Flow Loan of the first day of each month. By way of example, if the entire sum is drawn down in the first month, the principal payment would be $10,419.67 each month. If $100,000 was drawn down in the first month, the principal payment would be $4,166.67 each month so long as no additional advances were made. If an additional $25,000 was advanced in the third month, the total outstanding would be $100,000 minus (2 months principal payments times $4,166.67 or $8,333.34) + $25,000 = $116,666.67 divided by 22 months remaining = $5,303.03 principal plus interest. So there is no misunderstanding, the principal amount outstanding at the end of each month may not excess the maximum amount then available for borrowing under the Cash Flow Loan.

B.   If not sooner paid, absent an Event of Default, Seller shall pay to Sallyport the remaining outstanding principal balance of the Cash Flow Loan, together with all accrued and unpaid interest thereon on the last day of the Original Term.

5.2   Notwithstanding the provisions of Section 5.1 to the contrary, the outstanding principal balance of the Cash Flow Loan, and all accrued and unpaid interest thereon, will be immediately due and payable upon the termination of the Agreement, regardless of how such termination occurs.

6.   Voluntary Prepayment. Seller may prepay principal amounts outstanding on the Cash Flow Loan at any time. Such payment will be first applied to the interest then outstanding on the Cash Flow Loan and thereafter to the payments due on principal in inverse order (last to first), such that the monthly principal amount shall not change until the last payment of principal is to be made.

7.   Conditions Precedent. This Cash Flow Loan Addendum shall become effective upon execution and delivery by Seller this letter and the fully executed Agreement.

8.   Seller's Representations and Warranties. Seller makes the following representations and warranties which shall be deemed to be continuing representations and warranties so long as this Cash Flow Loan remains in effect and until the Obligations have been repaid in full:

8.1   Due Authorization. This Cash Flow Loan has been duly authorized by the Board of Seller and the officer(s) executing this Cash Flow Loan Addendum on behalf of Seller has been duly authorized to do so by the Board of Seller.

8.2   Binding Agreement. This Cash Flow Loan Addendum is the valid, binding and legally enforceable obligation of Seller in accordance with its terms.

8.3   No Conflict. The execution, delivery and performance by Seller of this Term Loan Addendum: (a) shall not constitute an event of default under any agreement, indenture or undertakings to which Seller is a party or by which Seller or any of its property may be bound or affected; (b) are not in contravention of or in conflict with any law or regulation; and (c) do not cause any lien, charge or other encumbrance to be created or imposed upon any such property by reason thereof.

9.   Binding Agreement. This Cash Flow Loan Addendum shall be binding and deemed effective when executed by Seller and accepted and executed by Sallyport.

10.   Section Headings. Section headings and section numbers have been set forth herein for convenience only. Unless the contrary is compelled by the context, everything contained in each section applies equally to this entire Cash Flow Loan Addendum.

11.   Interpretation. Neither this Term Loan Addendum nor any uncertainty or ambiguity herein shall be construed or resolved against Sallyport or Seller, whether under any rule of construction or otherwise. On the contrary, this Cash Flow Loan Addendum has been reviewed by all parties and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of all parties hereto.

12.   Severability. Each provision of this Cash Flow Loan Addendum shall be severable from every other provision of this Rider for the purpose of determining the legal enforceability of any specific provision.

13.   Modification and Merger. This Cash Flow Loan Addendum cannot be changed or terminated orally. All prior agreements, understandings, representations, warranties and negotiations, if any, relating to the Cash Flow Loan are merged into this Cash Flow Loan Addendum.

14.   Incorporation into Agreement. This Cash Flow Loan Addendum and all of the terms, covenants, warranties, conditions, agreements and representations contained herein are incorporated into and deemed part of the Agreement.

IN WITNESS WHEREOF, the parties have executed this Cash Flow Loan Addendum as of the date first hereinabove written.

**SALLYPORT**

SALLYPORT COMMERCIAL FINANCE, LLC

By: _____
Name: NICK HART
Its: PRESIDENT

**SELLER(S):**

Retrolock Corporation

By: _____
Name: TANIA TOMYN
Its: CEO