IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALLYPORT COMMERCIAL FINANCE, LLC, a Delaware Limited Liability Company, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-CV-02872 |
| RETROLOCK COROPORATION, a California corporation, TANIA TOMYN, an individual, AARON SMITH, an individual, and AT INSTALLATION, INC., a California corporation, | § § § § § § | |
| Defendants. | § § | |

**<u>TEMPORARY RESTRAINING ORDER</u>**

Before the Court is Plaintiff Sallyport Commercial Finance LLC's ("Sallyport") Motion for Temporary Restraining Order and Preliminary Injunction ("the Motion"). Notice of the Motion has been provided to Defendants Retrolock Corporation, AT Installation, Inc., Tania Tomyn, and Aaron Smith and each has had an opportunity to respond to the Motion.

The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Injunctive relief is "an extraordinary remedy" that may be awarded only upon "a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008). "[S]uch extraordinary relief would issue only where (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary

injunction will not disserve the public interest." *Clark*, 812 F.2d at 993. "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Id*. But "none of the four prerequisites has a fixed quantitative value." *State of Tex. v. Seatrain Int'l, S. A*., 518 F.2d 175, 180 (5th Cir. 1975). "Rather, a sliding scale is utilized, which takes into account the intensity of each in a given calculus." *Id.* (citing *Siff v. State Democratic Exec. Comm*., 500 F.2d 1307 (5th Cir. 1974).

In this case, evidence has been presented to the Court that Sallyport has a substantial likelihood of success on the merits with respect to (1) its claim that Defendant Retrolock Corporation, a California Corporation ("Retrolock") is indebted to Sallyport for in excess of $6 million and that such debt is now due and owing to Retrolock, (2) its claim that such indebtedness is secured by a perfected security interest in Retrolock's anticipated federal tax refund for an Employee Retention Credit in the approximate amount of $2.1 million ("Retrolock's Federal Tax Refund"), (3) its claim that payment of such indebtedness is guaranteed by Defendant AT Installation, Inc., a California Corporation ("ATI"); and (4) its claim that ATI's obligations as a guarantor of Retrolock's indebtedness to Sallyport is secured by a perfected security interest in ATI's anticipated federal tax refund for an Employee Retention Credit in in the approximate amount of $1.4 million ("ATI's Federal Tax Refund").

Evidence was also presented to this Court demonstrating a substantial threat of irreparable injury to Sallyport if the Motion is not granted.  Sallyport has presented evidence that Retrolock and ATI, both California based companies, are no longer engaged in business, their offices are closed, their principals, Defendants Tonia Tomyn and Aaron Smith are now living in Florida, substantially all of Retrolock's accounts receivable purchased by Sallyport are disputed by

Retrolock's customers, and Defendant Retrolock has disposed of its remaining equipment and inventory, rendering Retrolock and ATI virtually insolvent and unable to respond in damages to pay the sums for which Sallyport has shown a probable right of recovery from Retrolock and ATI.

Evidence was also presented that any harm Retrolock or ATI might suffer by the issuance of a temporary restraining order is outweighed by the evidence showing that Sallyport has a perfected security interest in Retrolock's Federal Tax Refund and ATI's Federal Tax Refund which serve as the only likely source for payment of the indebtedness to Sallyport.

As this is a private commercial dispute, there is little or no impact on the public's interests.

Based upon the foregoing, it is ORDERED that the Motion is GRANTED as to the request for a temporary restraining order as set forth hereinbelow.

It is further ORDERED that Retrolock and its respective officers, directors, agents, and employees, all persons acting in concert or participation with them, and Tania Tomyn and Aaron Smith, are hereby RESTRAINED and ENJOINED immediately:

   a. from cashing, negotiating, depositing, transferring, assigning or otherwise alienating any check which they receive from the United States Treasury or the Internal Revenue Service issued to Retrolock for or on account of any refunds of federal taxes, including, the Retrolock Federal Tax Refund and any Employee Retention Credit(s).

   b. from spending, transferring, assigning, or otherwise alienating any electronic funds which Retrolock receives electronically or otherwise from the United States Treasury or the Internal Revenue Service for or an account of and refunds of federal taxes including, the Retrolock Federal Tax Refund and any Employee Retention Credit(s).

It is further ORDERED that Defendant Retrolock shall provide Sallyport, at its office at Suite 210, Sugar Land, Texas 77478 and Sallyport's counsel, Steven R. Kurtz, 15303 Ventura Blvd., Suite 1650 Sherman Oaks, California 91403 with written notice of (1) Retrolock's receipt of any check(s) from the United States Treasury or the Internal Revenue Service issued to Retrolock for or on account of any refunds of federal taxes, including the Retrolock Federal Tax Refund and any Employee Retention Credit(s), and (2) Retrolock's receipt of any electronic funds deposit from the United States Treasury or the Internal Revenue Service for or an account of and refunds of federal taxes including the Federal Tax Refund and any Employee Retention Credit(s). Such notices shall be delivered to Sallyport within three business days of Retrolock's receipt.

It is further ORDERED that ATI and its respective officers, directors, agents, and employees, all persons acting in concert or participation with them, and Tania Tomyn and Aaron Smith are hereby RESTRAINED and ENJOINED immediately:

   a. from cashing, negotiating, depositing, transferring, assigning, or otherwise alienating any check which they receive from the United States Treasury, or the Internal Revenue Service issued to ATI for or on account of any refunds of federal taxes, including the ATI Federal Tax Refund and any Employee Retention Credit(s).

   b. from spending, transferring, assigning, or otherwise alienating any electronic funds which ATI receives electronically or otherwise from the United States Treasury or the Internal Revenue Service for or an account of and refunds of federal taxes including the ATI Federal Tax Refund and any Employee Retention Credit(s).

It is further ORDERED that Defendant ATI shall provide Sallyport, at its office at Suite 210, Sugar Land, Texas 77478, and Sallyport's counsel, Steven R. Kurtz, 15303 Ventura Blvd.,

Suite 1650 Sherman Oaks, California 91403 with written notice of (1) ATI's receipt of any check(s) from the United States Treasury or the Internal Revenue Service issued to ATI for or on account of any refunds of federal taxes, including the ATI Federal Tax Refund and any Employee Retention Credit(s), and (2) ATI's receipt of any electronic funds deposit from the United States Treasury or the Internal Revenue Service for or an account of and refunds of federal taxes including any ATI Federal Tax Refund and Employee Retention Credit(s).  Such notices shall be delivered to (1) Sallyport at within three business days of ATI's receipt.

It is further ORDERED that counsel of record herein for Defendants Retrolock, Tania Tomyn, Aaron Smith, and ATI shall provide a copy of this Order to Defendants Retrolock, Tania Tomyn, Aaron Smith, and ATI.

It is further ORDERED that Sallyport shall post a bond with sufficient surety in the amount of $100.00, which bond can be in the form of the remittance of a Cashier's Check payable to the Clerk of the United States District Court in the amount of $100.00.

It is further ORDERED that a hearing on the Motion's request for a preliminary injunction is set for _____, 2022 at _____ o'clock ____ m. in Courtroom 11A at the United States Court House at 515 Rusk Avenue, Houston, Texas.

Signed this ___ day of _____, 2022.

_____
Kenneth M. Hoyt
United States District Judge